# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-35-MOC-WCM

| | |
|---|---|
| JAMES W. SNEED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Pursuant to FED. R. CIV. P. 25. (Doc. No. 15).

## I. BACKGROUND

On January 31, 2019, Plaintiff James W. Sneed filed this action against Defendant United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (the "FTCA"), asserting a medical malpractice negligence claim in connection with hip replacement surgery he underwent at the Charles George VA Medical Center in Asheville, North Carolina, in 2016. (Doc. No. 1). Plaintiff is represented by Joseph T. McFadden, Jr. of the Rawls Law Group, P.C.

Plaintiff died on April 23, 2019, during the pendency of this action. FED. R. CIV. P. 25(a) provides in pertinent part: "If a party dies . . . the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. <u>If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.</u>" (emphasis added). On May 9,

1

2019, citing FED. R. CIV. P. 25(a), Plaintiff's counsel filed a "Suggestion of Death Upon the Record," noting that Plaintiff had died during the pendency of this action. (Doc. No. 8). The suggestion of death, however, did not provide the date of Plaintiff's death, nor did it identify any successor to Plaintiff's estate who might seek to be substituted for the decedent.

To ensure that the record was clear, on May 9, 2019, the Government filed a Notice with the Court to Clarify the Suggestion of Death, attaching a copy of Plaintiff's Certificate of Death. (Doc. Nos. 10, 10-1). The Notice explained that Plaintiff died on April 23, 2019, and that he was survived by his only daughter, Tiffany Sneed. (Id.).

Meanwhile, the parties' deadline to conduct an Initial Attorney's Conference was May 9, 2019. On May 9, 2019, the parties filed a Joint Motion to Stay the Initial Attorney's Conference, pending a determination as to whether Plaintiff's personal representative would seek substitution under FED. R. CIV. P. 25(a). (Doc. No. 9). On May 10, 2019, this Court granted the Joint Motion and reiterated that if a motion to substitute under FED. R. CIV. P. 25(a)(1) "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." (Doc. No. 11). The Court then extended the deadline for the parties to conduct an Initial Attorney's Conference through August 8, 2019. (Id.).

On August 6, 2019, Plaintiff's counsel filed an unopposed motion to withdraw. (Doc. No. 12). In the motion, counsel stated that Ms. Sneed had been notified of the right to substitute by U.S. Mail on May 8, 2019, and counsel also explained that there are no other likely known successors. (Id.). The motion to withdraw further states that counsel made follow-up telephone calls to Ms. Sneed and sent her two additional letters to ensure that she "understood substitution, the requirements thereof, and the consequences of a lack of substitution." (Id.). Finally, the motion states that Ms. Sneed "indicated by telephone that she had no interest in substituting for

2

the Plaintiff." (Id.).

To ensure that sufficient notice was provided to Ms. Sneed, on August 12, 2019, defense counsel sent an email to Plaintiff's counsel requesting additional information concerning counsel's efforts to notify Ms. Sneed. Plaintiff's counsel responded, asserting that the following events occurred: (1) the first letter referenced above was mailed by Plaintiff's counsel to Ms. Sneed via USPS Certified Mail on May 7, 2019, one day earlier than initially calculated (the USPS tracking history, attached hereto as Exhibit 1, reflects that the package was delivered and picked up in Murphy, NC on May 28, 2019); (2) on May 10, 2019, Plaintiff's counsel communicated by telephone with Ms. Sneed, and she indicated that she did not wish to pursue Plaintiff's action; (3) on May 28, 2019, Plaintiff's counsel sent another letter to Ms. Sneed via USPS Mail, confirming her decision not to pursue Plaintiff's action; (4) sometime after the May 10, 2019, telephone call, Plaintiff's counsel's FTCA practice manager contacted Ms. Sneed by telephone, and Ms. Sneed again indicated that she was not interested in pursuing Plaintiff's action; and (5) on July 17, 2019, Plaintiff's counsel sent a third letter to Ms. Sneed via USPS Mail, providing a final confirmation of her decision not to pursue Plaintiff's action.

On August 14, 2019, this Court issued an Order denying the motion to withdraw without prejudice and directing Plaintiff's counsel to send a copy of the Order and the motion to withdraw to Ms. Sneed as a final confirmation that she is aware of the circumstances of this matter. (Doc. No. 13). On that same day, Plaintiff's counsel filed a Notice with the Court confirming that the Order and the motion to withdraw had been sent that same day to Ms. Sneed via USPS Certified Mail. (Doc. No. 14). Defendant filed the pending motion to dismiss on August 15, 2019, in which Defendant argues that the applicable 90-day period under Rule 25 would run, at the latest, on August 26, 2019.

## II. DISCUSSION

The Court will grant Defendant's motion to dismiss under FED. R. CIV. P. 25(a)(1) because a motion to substitute has not been made within 90 days after service of a statement noting Plaintiff's death. As defense counsel notes, this Court's May 10, 2019, Order and the letters that Plaintiff's counsel sent to Ms. Sneed contemplate that the 90-day substitution deadline expired on August 6, 2019, or 90 days from the date Plaintiff's counsel sent the first letter to Ms. Sneed (assuming it was sent on May 8, 2019, as opposed to May 7, 2019). Defendant notes that Plaintiff's counsel's May 7, 2019, letter to Ms. Sneed notified her of the circumstances of this action and her right to pursue her father's case. However, as noted above, according to the USPS tracking history, this letter was not picked up in Murphy, North Carolina until May 28, 2019. See (Doc. No. 16-1: Ex. 1). As Defendant notes, if that date is used for purposes of service under FED. R. CIV. P. 4, the 90-day substitution deadline under FED. R. CIV. P. 25(a) would not expire until August 26, 2019.[1] In any event, regardless of whether the 90-day period expired on August 6, 2019, or August 26, 2019, the time for substitution has now expired, and this action must therefore be dismissed under FED. R. CIV. P. 25(a).

## III. CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss is granted.

---

[1] FED. R. CIV. P. 25(a)(3) provides that "[a] statement noting death must be served" on "nonparties as provided in Rule 4." FED. R. CIV. P. 25(a)(3). "In other words, the persons who are not parties, but whom the movant seeks to make parties by substitution, need to be served pursuant to Rule 4, rather than using Rule 5 service." Anderson v. Wade, No. 3:05-cv-33, 2008 WL 873653, at *1-2 (W.D.N.C. Mar. 26, 2008). FED. R. CIV. P. 4(e)(1) permits a plaintiff to serve an individual "pursuant to the law of the state in which the district court is located." FED. R. CIV. P. 4(e)(1). In turn, the North Carolina Rules of Civil Procedure permit service by registered or certified mail, addressed to the party to be served, and delivered to the addressee. N.C. GEN. STAT. § 1 A-1, Rule 4(j)(1)(c); see also Bernard v. Lightsey, No. 5:13-CT-3274-BO, 2015 WL 12857324, at *9 (E.D.N.C. Mar. 10, 2015).

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss, (Doc. No. 15), is **GRANTED** and this action is dismissed.

2. The Clerk is instructed to terminate this action.

Signed: September 16, 2019

Max O. Cogburn Jr
United States District Judge